## THOMPSON v. HALL and others.[1]

(*Circuit Court, E. D. New York.* July 24, 1885.)

PATENTS FOR INVENTIONS—PATENTEE AN EMPLOYE—LETTERS PATENT No. 232,-
975—IMPROVEMENT IN CUTTING-PLIERS.

    A patent was issued to plaintiff, Henry G. Thompson, as assignee of Moses
C. Johnson, for an improvement in cutting-pliers, and he filed a bill for dam-
ages and an injunction against one Hall. It appeared that Hall was presi-
dent of a company engaged in making cutting-pliers under a patent issued to
Hall. The writ turned on the question whether a certain model was made by
Johnson while he was in the employ of the company, or after he had been
discharged by Hall. *Held* that, on the evidence, it was not made till after the
discharge; that Johnson was not the first inventor; and that the bill must be
dismissed.

In Equity.
*Horace Barnard*, for plaintiff.
*Amos Broadnax*, for defendants.

BENEDICT, J. This action is founded upon letters patent No. 232,-
975, dated October 5, 1880, issued to Henry G. Thompson, assignee of
Moses C. Johnson, for an improvement in cutting-pliers. The bill
charges infringement, and prays for damages and an injunction.
The question at issue is whether the combination described in the
plaintiff's patent was invented by Moses C. Johnson while an em-
ploye of a corporation styled the Interchangeable Tool Company,
which corporation was engaged in the manufacture of cutting-pliers
under a patent issued to the defendant Thos. G. Hall, then the pres-
ident of the corporation. In support of the averment that Moses C.
Johnson was the first inventor of the combination in question, the
plaintiff produces a model known in the case as defendant's Exhibit
C, which model embodies the invention in question, and was made, as
the plaintiff has sought to prove, while Johnson was in the employ of
the Interchangeable Tool Company. On the other hand, the defend-
ants assert, and have sought to prove, that this model was not made by
Johnson while employed by the Interchangeable Tool Company, but
after Johnson had been discharged from that employment, and for the
purpose of supporting a fraudulent claim to an invention really dis-
covered by the defendant Hall, put forth for the first time by Johnson
after he had been discharged from the service of the Interchangeable
Tool Company.
    In one aspect, the decision of the case depends upon a question of
time; that is to say, whether this model, (Exhibit C,) composed of
brass and iron, was made when Johnson says it was, while he was a
workman for Hall's company, or at a date subsequent to Hall's dis-
charge of Johnson. Upon this question much testimony has been
taken on both sides. Upon a full consideration of all the evidence,

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

my conclusion is that Exhibit C was not made when Johnson says it was, but subsequent to Johnson's leaving the employment of the Interchangeable Tool Company, and that Moses C. Johnson was not the first inventor of the combination described in the patent issued to the plaintiff as assignee of Johnson. There must therefore be a decree dismissing the bill, with costs.